UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CANDY SNIFFEN, et al.,**

       **Plaintiffs,**                      Case No. 2:06-cv-622
                                             JUDGE GREGORY L. FROST
    **v.**                                    Magistrate Judge Norah McCann King

**SPECTRUM INDUSTRIAL SERVICES, et al.,**

       **Defendants.**

<u>**OPINION AND ORDER**</u>

In a February 13, 2007 Opinion and Order, this Court previously entered default judgment in favor of Plaintiffs and awarded Plaintiffs reasonable attorneys' fees and costs in an amount to be determined. (Doc. # 27.) This matter therefore came before the Court on July 19, 2007 for an in-court hearing on Plaintiffs' May 14, 2005 fee petition. (Doc. # 37.) Defendants did not attend the hearing and have failed to file a memorandum in opposition. At the hearing, Plaintiffs presented modified fee requests and additional evidence beyond the various attachments, including expert testimony as to the reasonableness of the amounts requested, the rates charged, and the hours expended. The Court took the issue of fees under advisement and now awards Plaintiffs attorney's fees in the amount of $21,053.50 for work performed by counsel Robert E. DeRose, costs in the amount of $1,015.14 for expenses incurred by DeRose, and attorney's fees in the amount of $2,223.00 for work performed by counsel Edward Foreman.

**I. Discussion**

Plaintiffs have requested fees and costs pursuant to 29 U.S.C. § 216(b), which provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or

1

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." In determining whether the requested amounts were reasonable, the Court turns to precedent involving fee applications. Such precedent indicates that Plaintiffs bear the burden of proving that the requested monies are reasonable. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). A reasonable fee is one that attracts competent counsel while avoiding a windfall to counsel. *Id*. at 472.

In determining what is reasonable, the general approach is to "first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. That amount can then be adjusted" based on a twelve-factor test for assisting in the determination of the reasonableness of an application for attorney's fees.[1] *Id*. at 471-72 n.3 (adopting factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974)). *See also Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) ("Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work, we use the lodestar method to calculate an appropriate attorney's fee award under the FLSA."); *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004) ("Attorney's fees must be set in amount that is 'reasonable,' 29 U.S.C. § 216(b), and in recent times the starting point has been a 'lodestar' calculation–the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate."). These factors include:

---

[1] Although the relied-upon *Johnson* case has been abrogated, its twelve-factor test remains good law. *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees").

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 472. There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Not all of the monies sought constitute traditional attorneys' fees (*i.e.*, fees paid directly to counsel for legal services).[2] Rather, Plaintiffs seek a total of $1,015.14 in expenses incurred by DeRose.[3] Also of assistance to the Court's inquiry, then, is that litigation expenses falling outside the purview of attorneys' fees fall within federal rules governing what litigation costs are and are not recoverable. *Cf. American Trim, L.L.C. v. Oracle Corp.*, 230 F. Supp. 2d 803 (N.D. Ohio 2002) (diversity case in which court applied federal costs statute). The Sixth Circuit has explained that "costs incurred by a party to be paid to a third party, not the attorney for the case, . . . cannot reasonably be considered to be attorney's fees. These include, among others, docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps." *Sigley v. Kuhn*, 205 F.3d 1341, 2000 WL 145187, at *9 (6th Cir. 2000) (unpublished table decision). Such costs are often recoverable in federal litigation, however, pursuant to 28

---

[2] The Sixth Circuit has noted that "the law generally recognizes a difference between the terms 'costs' and 'attorney fees.' " *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (discussing award of "costs" under Fed. R. Civ. P. 41(d)). Federal Rule of Civil Procedure 54(d), for example, separates costs from attorneys' fees and other non-taxable expenses.

[3] Plaintiffs do not request an award of costs or expenses incurred by counsel Foreman.

U.S.C. § 1920. *Id*. To decline to consider these type of costs here would be unjust.

Section 1920 enumerates the types of costs that can be assessed against the losing party. *Baker v. First Tenn. Bank Nat'l Ass'n*, 142 F.3d 431, 1998 WL 136560, at *1 (6th Cir. 1998) (unpublished table decision). In *Crawford Fitting Company v. J.T. Gibbons, Inc*., 482 U.S. 437 (1987), the Supreme Court held that § 1920 "now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Id.* at 440; *see also Tinch,* F. Supp. 2d at 768. Section 1920 defines the term "costs" as used in Fed. R. Civ. P. 54(d).[4] *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). The statute provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Sixth Circuit has explained:

> Other costs are on a different footing [than those that qualify as attorney's fees]. These include those costs incurred by a party to be paid to a third party, not the attorney for the case, which cannot reasonably be considered to be attorney's fees. These include, among others, docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps. Most of these

---

[4] Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party." The rule's plain language creates a presumption that fees will be awarded, but "allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp*., 786 F.2d 728, 730 (6th Cir. 1986).

>expenses have long been recoverable, in the court's discretion as costs, pursuant to 28 U.S.C. § 1920 . . . .

*Northcross v. Board of Educ. of Memphis City Schs.*, 611 F.2d 624, 639 (6th Cir. 1979).

Guided by the foregoing analytic framework, the Court should first calculate the lodestar amount. Although the United States Supreme Court has recognized that oftentimes the traditional twelve factors "are usually subsumed with the initial calculation of hours reasonably expended at a reasonable hourly rate," the Court should then address the relevant factors after the lodestar analysis. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). Finally, after determining what components of the expenses sought, if any, constitute attorneys' fees, the Court should then determine whether any remaining expenses not recoverable as attorneys' fees constitute recoverable costs.

As noted, Plaintiffs' modified petition, or motion, requests $21,053.50 in fees and $1,015.14 in costs for DeRose.[5] Covering a period from April 18, 2006 through July 17, 2007, Plaintiffs' exhibits and testimony indicate (1) fees for DeRose in the amount of $16,905.006; (2) fees for three paralegals in the respective amounts of $2,368.75, $1,079.25, and $10.50; and (3) fees for a law clerk in the amount of $690.00. (Plts. Ex. 1, Attachment 1.) In total, the DeRose portion of the application represents 86.25 billable hours at requested rates ranging from $105.00 for a paralegal to $350.00 for the services of counsel Robert E. DeRose. Defendants have not contested the fee petition, and expert testimony from attorney Gary A. Reeve supports the reasonableness of the rates charged, hours expended, and work performed by DeRose and his

---

[5] Counsel for Plaintiffs explained at the oral hearing that they elected to apply retroactively a subsequent reduction in the per-hour amount for paralegal services and that the second DeRose Declaration included work performed after the initial fee request.

staff.

Plaintiffs also request $2,223.00 in fees for Foreman.[6] Covering a period from May 8, 2007 to April 24, 2006, Plaintiffs' exhibits and testimony indicate 11.40 hours of work performed by Foreman at the requested rate of $195.00 per hour. (Plts. Ex. 2.) Again, Defendants have not contested the fee petition, and expert testimony from attorney Gary A. Reeve also supports the reasonableness of the rates charged, hours expended, and work performed by Foreman.

The Sixth Circuit has recognized that one issue that often arises regarding the reasonableness of hours billed is "whether the lawyer . . . unnecessarily duplicat[ed] the work of co-counsel." *Coulter v. State of Tennessee*, 805 F.2d. 146, 151 (6th Cir. 1986). The appellate court has held that a district court has the discretion to make a simple across-the-board reduction, by a certain percentage, in order to account for duplicative hours. *Hudson v. Reno*, 130 F.3d 1193, 1209 (6th Cir. 1997) (applying across-the-board reduction of 25%), *overruled on other grounds*, *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843 (2001).

Reviewing the hours billed and the nature of the work attributed to those hours, the Court finds no evidence of duplicative, unnecessary, or overly prolonged work. Additionally, this Court's experience with hourly rates in other cases would support the conclusion that the rates of both counsel, the paralegals, and the law clerk presented in the modified fee request are within the fee spectrum in the local market for experienced counsel and staff. There has been no evidence presented that these hourly rates fall outside the scope of hourly rates for counsel of

---

[6] Counsel for Plaintiffs also explained at the oral hearing that the initial fee request contained an inadvertent mathematical error in Foreman's hours calculation, although the concurrently submitted time reports indicated counsel's correct hours.

commensurate ability, experience, and talent within the Columbus and Ohio markets. It thus appears to the Court that there is no need for an across-the-board reduction here.

In regard to the remaining relevant factors, the Court makes the following findings. The Court recognizes that this case has fairly required Plaintiffs' counsel to spend an inordinate amount of time and energy in order to attempt to bring Defendants before this Court. It does not appear to the Court that this case has prevented counsel from accepting other work, however. The Court also recognizes that the fees billed are in accordance with generally similar cases, which is of some limited value in determining the reasonableness of the fees fixed here. Despite Plaintiffs' counsels' assertions that this is a case many counsel would not take, this case is not especially undesirable so as to warrant exceptional fees and expenses. There are no apparent relevant time limitations imposed by the clients. The circumstances of the case, including the atypical nature of the service and class action notification issues involved, favor the propriety of the work performed. The Court is doubtful that no other local counsel possess the skill needed to perform legal services for Plaintiffs properly, however. The Court's knowledge of the experience and reputation of the counsel involved also supports the fees requested.

The Court has considered the amount involved and the results obtained. Indeed, according to *Hensley*, the single most important factor regarding the reasonableness of fees is the result that is obtained. *Id.*, 461 U.S. at 434-36. Under *Hensley*, if counsel obtained excellent results, the Court should award the full fee request. *Id.* at 435. In contrast, partial victory cases occur "where plaintiff is deemed prevailing even though he succeeded on only some of his claims for relief." *Id.* at 439. In partial victory situations, the Court may reduce the fee award. *Id.* "A reduced fee award is appropriate if the relief, however significant, is limited in

comparison to the scope of the litigation as a whole." *Id.* Stated simply, a party who partially prevails is entitled to an award of attorneys' fees commensurate to that party's success. *Krichinsky v. Knox County Sch.*, 963 F.2d 847, 850 (6th Cir. 1992).

Here, some of the plaintiffs have prevailed via default judgment, with an unclear likelihood of actually recovering damages. Despite this uncertainty, counsel have pursued the best recovery possible for Plaintiffs and have obtained a judgment supporting a fee award of the entirety of the amount requested.

Plaintiffs have the burden of "documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim." *Moore*, 355 F.3d at 566. In discussing the amount of detail necessary in documentation submitted to a court, the Sixth Circuit has held that "the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 502 n.2. (6th Cir. 1984). The Court may reduce the award when the submitted documentation is inadequate. *Reed*, 179 F.3d at 472.

The Court has reviewed the billing entries provided to discern whether they contain sufficient detail, when read in context, to enable the Court to determine that the time was reasonably spent in pursuit of necessary and relevant interests. In conducting such a review, the Court has been mindful that although many of the entries do not state in much detail the substance of all conferences, meetings, or discussions, such detail would likely–as in most cases–be protected by the work product doctrine or the attorney-client privilege. Thus, the Court

has endeavored to balance careful scrutiny of the billing statements with Plaintiffs' right to avoid disclosure of matters that are not the Court's business. In reviewing the submitted billing statements, the Court is neither in the business of nor interested in second-guessing or micro-managing any firm's business practices.

In *Black v. Lojac Enterprises, Inc*., 117 F.3d 1420, 1997 WL 377051 (6th Cir. 1997) (unpublished table decision), the Sixth Circuit addressed a case in which the trial court had subtracted time from a plaintiff's request because the submitted time entries were vague. *Id.* at *2. The appellate court affirmed the district court's decision, stating that "many of the time entries failed to even identify the general subject matter involved, documented with such vague descriptions as 'research,' 'pick-up,' 'revised form,' and 'office conference.' . . . Thus, such entries clearly provide little guidance in ascertaining the purpose of the work during the time claimed and do not merit an award." *Id.* at *3.

Contrary to *Black* and other cases that have come before the Court, this Court is satisfied here that it can discern with a fair degree of certainty the purpose or scope of nearly each item billed and respects the apparent redaction of select information. Mindful that Defendants have failed to contest any of the fee application, the Court has no reason to doubt that the work billed was actually expended in the prosecution of the overall litigation and that reasonableness underlies each hour or expense billed. Plaintiffs have met their burden of demonstrating the reasonableness of the retroactively reduced fees so as to support the requested fee awards.[7]

---

[7] The Court emphasizes that it considers the written submission but one aspect of the fee application, with the oral hearing constituting the second aspect of the application. Thus, in part because Plaintiffs' unchallenged oral supplementation of the written submissions clarify and support the work and items billed, Plaintiffs have not failed to carry their burden so as to preclude the entirety of the fees requested.

This leaves the issue of costs or expenses. The expenses DeRose included in the fee application for such costs as copies, postage and courier fees, and telephone calls fall within the relevant time period and do not reflect unreasonable rates. Additionally, the uncontested evidence supports concluding that these expenses were reasonably necessary. The Court therefore awards the full expenses for these items, totaling $1,015.14.

## II.  Conclusion

The lodestar amount of the DeRose fees is $21,053.50, and the lodestar amount of the Foreman fees is $2,223.00. Because the circumstances of this case do not warrant either specific or across-the-board reductions of either amount, the Court **AWARDS** these amounts in full. The Court also **AWARDS** expenses for DeRose in the amount of $1,015.14, resulting in an overall award of reasonable fees and costs for DeRose in the amount of $22,068.64 and an award for Foreman in the amount of $2,223.00.

**IT IS SO ORDERED**.

                                              /s/ Gregory L. Frost
                                              GREGORY L. FROST
                                              UNITED STATES DISTRICT JUDGE